IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. DKC 97-0448 |
| | : | |
| DARTY JAMES REED | : | |

**MEMORANDUM OPINION**

Darty James Reed, Petitioner, seeks a reduced sentence pursuant to the First Step Act of 2018, Pub.L.No. 115-391, § 404, 132 Stat. 5194, 5222. Mr. Reed was sentenced, on August 27, 1998, to 360 months imprisonment, followed by ten years of supervised release, for convictions of conspiracy to distribute and possess with intent to distribute cocaine base, and possession with intent to distribute cocaine base. The sentence fell at the low end of the applicable guideline range based on 114 grams of crack cocaine (base offense level 32), increased to career offender level because he had at least two prior convictions for drug trafficking crimes. The government had also filed a 21 U.S.C. § 851 notice, thus increasing the mandatory minimum to 20 years. His guidelines were offense level 37 and criminal history VI.

Mr. Reed contends that, after *Apprendi*, *Alleyne*, and the Fair Sentencing Act, his guidelines would be much reduced. With this reduction, and based on the First Step Act, he believes he would

be eligible for immediate release. The Government opposes the motion, and urges the court not to reduce the sentence.

Section 404 of the First Step Act provides that a person sentenced for a "covered offense" committed before August 3, 2010, may be resentenced to a reduced term "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A "covered offense" means a federal criminal violation for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act.

Mr. Reed is eligible for relief under the First Step Act because the statutory penalty for counts one and two were modified by the Fair Sentencing Act. *United States v. Wirsing*, 943 F.3d 175, 178 (4th Cir. 2019), *as amended* (Nov. 21, 2019). Mr. Reed's offenses were committed on March 10, 1997, well before the enactment of the Fair Sentencing Act, and also before other changes in sentencing jurisprudence such as *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). But the only changes that the court is authorized to apply are those in Sections 2 and 3 of the Fair Sentencing Act.

> In a section labeled "Cocaine Sentencing Disparity Reduction," the Fair Sentencing Act increased the quantities applicable to cocaine base to 280 grams for the ten-year mandatory minimum and to 28 grams for the five-year mandatory minimum. *Id.* § 2, 124 Stat. at 2372 (codified at 21 U.S.C. § 841(b)(1)). "The effect of the changes [in Section 2 of the Fair Sentencing Act] was to reduce the sentencing disparity between crack cocaine

2

> offenses and powder cocaine offenses by lowering the crack-to-powder ratio from 100-to-1 to 18-to-1." *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013). Additionally, the Fair Sentencing Act eliminated the mandatory minimum sentence for "simple possession" of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372 (codified at 21 U.S.C. § 844(a)).

*Wirsing*, 943 F.3d at 178. Thus, the 114 grams for which Mr. Reed was found responsible would, with the § 851 notice, subject him to a statutory range of 10 years to life, rather than 20 years to life. As a career offender, his guideline range remains the same. Nevertheless, given the option to reduce the sentence(s), while a full resentencing is not necessary, the court must analyze the normal 18 U.S.C. § 3553(a) sentencing factors and Mr. Reed's post-conviction behavior. *United States v. Mack*, No. 09-cr-00247-PJM, 2019 WL 7037961, at *3 (D.Md. Dec. 20, 2019); *see also United States v. Robinson*, No. 02-cr-0227-PJM, 2019 WL 3867042, at *5 (D.Md. Aug. 15, 2019); *United States v. Logan*, No. 10-cr-203-CCB, 2019 WL 3391618, at *1 (D.Md. July 26, 2019); *United States v. Turner*, No. 06-cr-00274-TDC, ECF No. 50 at 3-4 (D.Md. June 28, 2019).

The government is correct that Mr. Reed is not "entitled" to the benefit of other changes in sentencing jurisprudence. Relatedly, while *Apprendi* changed the method by which drug amounts are determined for some purposes, the determination in this case appears to have been reliable. On the other hand, neither should

3

the fact that his sentencing preceded such significant changes be ignored. He was sentenced when the guidelines were mandatory and they no longer are. Despite his long and extensive criminal history, the 360-month sentence imposed in this case is currently more than necessary. He has been incarcerated for more than two decades and has participated in programs in the Bureau of Prisons, preparing himself for eventual return to the community. He has worked productively with UNICOR and his disciplinary history is minor. He enjoys family and community support and has a structure in place upon release.

Accordingly, the court will grant his motion and reduce his sentence to time served, plus two weeks, on the two counts. The term of supervised release will be reduced to 8 years.

March 19, 2020

/s/
DEBORAH K. CHASANOW
United States District Judge